prior to this accident. I have given these facts as the jury might have found them from the evidence, had the question been submitted to them as the evidence stood at the close of the plaintiff's case, when the nonsuit was granted. The questions, then, for the jury would be: Was Rogers in the exercise of due care and diligence at the time? And, if so, was the personal injury to him caused by reason of the "negligence of any person in the service of the employer intrusted with and exercising superintendence whose sole or principal duty is that of superintendence"? The trial court held that Crist was not exercising such superintendence. That decision is sought to 'be upheld here, upon the authority of two cases. The first is Carlsen v. McKee, 129 App. Div. 652, 114 N. Y. Supp. 280, in which case the workman, the servant, had procured a crowbar to turn over an iron beam, and was directed by his foreman to discard his bar and raise the beam by hand with the aid of fellow servants. The servant, the plaintiff there, discarded the bar, raised the beam with the help of his fellow servants, who let go their hold of the beam, upon which the plaintiff retained his hold, and his hand was hurt. All the Appellate Division held in that case was that the direction to discard the bar was not the proximate cause of the injury, but it was caused by the fellow servants letting go of the beam. The second case is Ozogar v. Pierce, Butler & Pierce Manufacturing Company, reported the last time in 134 App. Div. 800, 119 N. Y. Supp. 405. The case had somewhat of a lengthy career and was first reported in 55 Misc. Rep. 579, 105 N. Y. Supp. 1087, where a nonsuit was set aside, which was affirmed in 128 App. Div. 910, 112 N. Y. Supp. 1139. The judgment for the plaintiff recovered on the second trial was reversed in 134 App. Div. 800, 119 N. Y. Supp. 405. The final decision was by a divided court; Justice Kruse writing a dissenting opinion, in which Justice Spring concurred. The final decision goes upon the same ground as Carlsen v. McKee, supra, that seven workmen were handling a casting, some of the men let go of the casting, and the plaintiff, who continued to hold onto it, was injured. There the plaintiff had been employed by the defendant in a foundry for 12 years, and the accident happened in the foundry. It was there held that the plaintiff received his injuries because one or more of his fellow workmen let go of the heavy iron flask that they were handling, the plaintiff did not, and the flask fell upon plaintiff's hand. Those cases while similar to each other are not this case.

There is no evidence here that this plaintiff received his injuries because his fellow workmen let go of their hold upon this 8-inch pipe. So far as is disclosed by the evidence here, the workmen apparently did as they were told by Crist, the superintendent, to do at that time. In Guilmartin v. Solvay Process Company, 189 N. Y. 490, 82 N. E. 725, it is held that in that action, brought under the employer's liability act, the question is, not whether the negligent act is a detail of the work, but whether it is a detail of the superintendent's part of the work, or of that of the subordinate employés and servants, and that the question whether the plaintiff assumed the risk is answered by the provision of the statute, which enacts: "The question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence, by his continuance in the same place and course of employment with knowledge of the risk of injury shall be one of fact, subject to the usual powers of the court in a proper case to set aside a verdict contrary to the evidence." Two questions in that case were submitted to the jury: First, whether Mullin, who was the foreman, was a person whose sole or principal duty was that of superintendence; second, whether it was negligent not to stop the machinery when the plaintiff was put at work to repair the injury to the belt and pulley—and the court held that the questions were properly submitted, and the jury were authorized to find, as they did, that the action of Mullin was an act of superintendence. In Smith v. Milliken Brothers, Incorporated, 200 N. Y. 21, 93 N. E. 184, the question was whether a person who gave the order that caused the injury in that case was at the time performing acts of superintendence within the employer's liability act, and it was held that a jury could have been permitted to say from the facts proved that the foreman was exercising such acts of superintendence. Applying these rules to this case, I think the question should have been submitted to the jury as to whether plaintiff was not injured by the negligent orders of Crist and whether Crist was not at the time a "person in the service of the defendants intrusted with and exercising superintendence whose sole or principal duty" was "that of superintendent." It appears from the plaintiff's testimony here that all Crist was doing was directing the others what to do. I think the judgment should be reversed, and a new trial granted, with costs to abide the event.

ROSEBROOK, Respondent, v. WESTINGHOUSE, CHURCH, KERR & CO., Appellants. (Supreme Court, Appellate Division, Second Department. June 23, 1911.) Action by Edwin Rosebrook against Westinghouse, Church, Kerr & Co. No opinion. Judgment and order unanimously affirmed, with costs.

ROSS, Respondent, v. ROSS, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 11, 1911.) Action by Gilbert Ross, an infant, etc., against Mary E. Ross. No opinion. Order affirmed, with $10 costs and disbursements.

ROWAN, Respondent, v. PECK, Appellant. (Supreme Court, Appellate Division, Second Department. June 16, 1911.) Action by Thomas Rowan against Caroline Peck. No opinion. Judgment and order affirmed, with costs.

In re RUSH. (Supreme Court, Appellate Division, Second Department, June 29, 1911.) In the matter of the judicial settlement of the

intermediate account of Joseph S. Rush, as executor, etc., of Hannah Elizabeth Owens, deceased. No opinion. Decree and order of the Surrogate's Court of Kings county affirmed, with costs.

RUSSELL, Respondent, v. E. C. HAZARD & CO., Appellants. (Supreme Court, Appellate Division, Second Department. July 27, 1911.) Action by George D. Russell against E. C. Hazard & Co. No opinion. Judgment of the Municipal Court affirmed, with costs.

In re SALES OF LANDS IN THE BRONX. (Supreme Court, Appellate Division, First Department. June 23, 1911.) In the matter of the application for the designation of a place for the sales of lands, etc., in the Bronx at public auction under judgment or order of the court, etc. No opinion. The court will hear the parties interested in this question on July 6, 1911, at 10:30 a. m.

SAN REMO COPPER MINING CO., Respondent, v. MONEUSE, Appellant. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by San Remo Copper Mining Company against Elie J. Moneuse. B. L. Hollander, for appellant. J. E. Mack, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SCHAD, Appellant, v. BROOKLYN, Q. C. & S. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 29, 1911.) Action by Charles Schad against the Brooklyn, Queens County & Suburban Railroad Company. No opinion. Order unanimously affirmed, with costs.

SCHAFER, SCHRAMM & VOGEL, Respondent, v. CARTON et al., Appellants. (Supreme Court, Appellate Division, First Department. June 16, 1911.) Action by Schafer, Schramm & Vogel against Andrew B. Carton and another. M. J. O'Brien, ror appellants. A. I. Elkus, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

SCHEFER et al. v. CARTON et al. (Supreme Court, Appellate Division, First Department. July 7, 1911.) Action by Carl Schefer and others against Andrew B. Carton and others. No opinion. Motion denied, with $10 costs. Order filed.

SCHIFF, Appellant, v. RABINOWICH et al., Respondents. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by Lena Schiff against Hirsh Rabinowich and others. S. Dickstein, for appellant. Nicholas Aleinikoff, for respondents. No opinion. Judgment modified, by striking out award of costs to defendant Feibert, and, as so modified, affirmed, with costs to the other respondents. Order filed.

SCHMEISER v. SCHMEISER et al. (Supreme Court, Appellate Division, Second De-

partment. June 29, 1911.) Action by Wilhelmina Schmeiser against Charles Schmeiser and others. PER CURIAM. Judgment reversed, and new trial granted, costs to abide the final award of costs, for error in admitting the testimony which appears at folios 155 and 156 of the printed record. We think that the weight of the evidence does not establish fraud, but it might be sufficient to justify a finding that the minds of the parties never met.

SCHOENFELDER, Respondent, v. NEW YORK TRANSP. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by John F. Schoenfelder, as administrator, against the New York Transportation Company. T. H. Lord, for appellant. L. Steckler, for respondent. PER CURIAM. Judgment and order affirmed, with costs. Order filed. McLAUGHLIN and LAUGHLIN, JJ., dissent.

SCHWARTZ et al., Appellants, v. LEVY, Respondent. (Supreme Court, Appellate Division, Second Department. June 16, 1911.) Action by Joseph M. Schwartz and another, co-partners, etc., against Ralph Levy. PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the judgment is against the weight of credible evidence. THOMAS and WOODWARD, JJ., dissent.

SCHWARTZ v. LIPPMAN et al. (Supreme Court, Appellate Division, First Department. June 23, 1911.) Action by Sarah Schwartz, as administratrix, against Minnie Lippman, as administratrix, and others. No opinion. Motion denied, with $10 costs. Order filed.

SEAWARD, Respondent, v. DAVIS, Appellant. (Supreme Court, Appellate Division, Second Department. June 23, 1911.) Action by George W. Seaward, as administrator, etc., of William Z. King, deceased, against Buell G. Davis, as executor, etc., of Mary E. King, deceased. No opinion. Motion denied, on condition that appellant pay respondent $10 costs, perfect his appeal, place the case on the next calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs. See, also, 136 App. Div. 890, 119 N. Y. Supp. 1144.

SECURITY LAW & MERCANTILE CO., Appellant, v. MURPHY, Respondent. (Supreme Court, Appellate Division, Third Department. June 28, 1911.) Action by the Security Law & Mercantile Company against Sarah J. Murphy. No opinion. Order affirmed, with $10 costs and disbursements.

SECURITY LIFE INS. CO. OF AMERICA, Appellant, v. SISTERS OF MERCY OF THE BUFFALO DIOCESE, Respondent. (Supreme